UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

No. CR 08-0461 PJH

    v.

**FINAL PRETRIAL ORDER**

PENG XIANG LI,

    Defendant.

_____/

This matter came before the court for a pretrial conference on March 9, 2011. At the hearing, the court ruled on several motions in limine and other pretrial issues as stated on the record and summarized below.

**A.**    **Defendant's Motions in Limine**

    **1.**    **Motion to Exclude Federal Rule of Evidence 404(b) Evidence**

The court GRANTS the motion.

    **2.**    **Motion for Discovery**

The parties advised the court that they have resolved the motion, and it is therefore DENIED as moot.

    **3.**    **Motion to Exclude Expert Testimony**

Li clarified at the hearing that he objects to expert testimony from Special Agent Carlos Alfaro. The government proffers Agent Alfaro for the purpose of offering expert testimony re: four categories: (1) basic procedures used to cultivate and distribute marijuana; (2) telephonic communication methods used by narcotics traffickers; (3)

methods of payment and money laundering techniques; and (4) the use of pay-owe ledgers by narcotics traffickers. Li does not object to Alfaro providing expert testimony regarding basic procedures used to cultivate and distribute marijuana; however, he does object to the latter three categories for which Alfaro's testimony is proffered.

The court reserves ruling regarding the admissibility of the latter three categories of Alfaro's expert testimony. The parties will be permitted to voir dire Alfaro at trial, and then will be afforded the opportunity to present further arguments outside of the jury's presence following the voir dire.

**B.     Government's Motions in Limine**

   **1.     Motion to Preclude Reference to State Marijuana Laws**

The government moves to preclude the introduction of evidence and/or reference or argument by any counsel or witness to: (1) "medical marijuana;" (2) California's Prop 215; (3) California's purported legalization of marijuana; or (4) any justification for Li's conduct based on his belief that his possession of marijuana was legal under state law. Li noted at the hearing that he doesn't intend to introduce such evidence in conjunction with his personal use defense.

The motion is GRANTED.

   **2.     Motion to Preclude Introduction of Hearsay Statements**

The government moves to preclude Li from introducing exculpatory statements that he made to law enforcement agents or to other third parties. Li noted that he did not intend to introduce any such evidence.

The motion is GRANTED.

   **3.     Motion to Preclude Reference to Punishment**

The motion is GRANTED as unopposed.

**C.     Jury Instructions**

   **1.     Forfeiture Instructions**

Pursuant to Federal Rule of Criminal Procedure 32.2(b), in the event of a guilty verdict, Li elects to have the jury decide whether there is a sufficient nexus between the

offense(s) and the specific property for which forfeiture is sought.

The parties are ordered to submit the appropriate forfeiture jury instructions by the first day of trial.

### 2. Other Instructions

The other joint instructions submitted by the parties appear to be appropriate.

### D. Voir Dire/Verdict Form

The voir dire and verdict form submitted by the parties appear to be appropriate.

### E. Foreign Language Recordings/Transcripts

In the absence of objections otherwise, the English-language translations of the wiretap recordings prepared by the government will be deemed accurate and usable, and will also be deemed the official English translations. The government will be permitted to display the English translations at the time it plays the audiotapes for the jury. The government will also be permitted to provide the jury with binders or other exhibits containing the English translations at the time it plays the audiotapes.

However, although the English translations of the audiotapes will be admitted into evidence, the court determines that the English translations or transcripts constitute testimonial evidence. Accordingly, for the same reasons that the court does not allow witnesses or deposition transcripts into the jury room during deliberations, the court will not permit the English translations to come into the jury room during deliberations.

### F. Li's Motion for Reconsideration

Even if the court were to deem Li's motion to be timely and reconsider the issue, it would DENY the motion for return of property for the same reasons stated on the record on August 11, 2010.

**IT IS SO ORDERED.**

Dated: March 11, 2011

PHYLLIS J. HAMILTON
United States District Judge