1

2

3

4                                UNITED STATES DISTRICT COURT

5                              NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,

8                    Plaintiff,                    Case No.    08-CR-00461-PJH-12

9            v.
                                                   **ORDER DENYING MOTION TO**
10   PENG XIANG LI,                                **REDUCE SENTENCE**

11                   Defendant.                    Re: Docket Nos. 813, 818, 824

12

13

14        Before the court is the pro se motion of Peng Xiang Li ("movant") to modify and

15   reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the

16   United States Sentencing Guidelines Manual, effective November 1, 2014.  Doc. nos.

17   813, 818, 824.

18        On January 18, 2012, movant was found guilty following a jury trial in this court of

19   the following offenses: conspiracy to manufacture, distribute, and possess with intent to

20   distribute 1,000 or more marijuana plants, in violation of Title 21, United States Code,

21   Sections 846, 841(a)(1), and 841(b)(1)(A)(vii); and manufacture, distribution, and

22   possession with the intent to distribute 1,000 or more marijuana plants, in violation of Title

23   21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vii), and in violation of Title

24   18, United States Code, Section 2.  The court sentenced movant to the mandatory

25   minimum prison sentence of ten years (120 months).  On February 23, 2015, movant

26   filed a motion for reduction of sentence, arguing that he qualified for a sentence reduction

27   under 18 U.S.C. § 3582(c)(2), in light of Amendment 782.  Doc. no. 813.  Shortly after

28   movant filed a motion for sentence reduction, he requested a copy of the decision on his

United States District Court
Northern District of California

1

United States District Court
Northern District of California

1    § 3582(c)(2) motion.  Doc. no. 816.  On March 24, 2015, movant submitted another

2    motion for sentence reduction.  Doc. no. 818.  He argued that the court did not select a

3    base offense level from the guideline range of movant's offense of conviction.  *Id.*

4    Movant further argued that the court should grant the motion for sentence reduction

5    under § 3582(c)(2), and impose a sentence based on the two points reduction, in which

6    he was charged and found guilty.  *Id.*

7          On June 8, 2015, movant filed a document styled as an order to show cause.

8    Doc. no. 819.  He then filed a motion to stay pending appeal, in which he asked the court

9    to vacate judgment.  Doc. no. 820.  The court denied the motion to stay on the grounds

10   that movant did not have any pending appeal before the Ninth Circuit or the Supreme

11   Court, and construed the motion to stay as a motion for reduction of sentence.  Doc. no.

12   821.  The court further stated that it anticipated a sentence reduction investigation report

13   from the Probation Office, and once the court reviewed the report, it would issue a ruling

14   on movant's pending § 3582(c)(2) motion.  *Id.*  On September 29, 2015, movant filed

15   another motion for sentence reduction, arguing that Amendment 782 effectively lowers

16   the guideline range that is applicable to him.  Doc. no. 824.  Movant argued that he did

17   not receive any reduction based on his timely entry of a plea.  *Id.*  Movant requested a

18   sentence reduction from 120 months to 78 months.  *Id.*

19          Pursuant to the Sentencing Guidelines, effective November 1, 2014, Amendment

20   782 revises the Drug Quantity Table in U.S.S.G § 2D1.1, applicable to sentences

21   imposed for certain drug-related convictions.  Although Amendment 782 may be applied

22   retroactively to previously-sentenced defendants, the court may not order a reduced term

23   of imprisonment based on Amendment 782, unless the effective date of the court's order

24   is November 1, 2015, or later.  U.S.S.G § 1B1.10(e)(1).

25          The Probation Office has prepared a sentence reduction investigation report to

26   determine whether movant is entitled to a reduction under Amendment 782.  Doc. no.

27   822.  On August 30, 2015, the Probation Office filed the sentence reduction investigation

28   report with the court.  *Id.*  The Probation Office reported that movant's sentence could not

United States District Court
Northern District of California

1  be further reduced because movant's original sentence was the statutory mandatory

2  minimum of 120 months.  Doc. no. 822.  It concluded that, in consideration of the

3  statutory minimum term of imprisonment, movant was not eligible for a sentence

4  reduction because his guideline range was not lowered by Amendment 782.  *Id.*  The

5  Probation Office represents that the government agrees that movant is not entitled to a

6  reduction.  *Id.*  Furthermore, the Federal Public Defender's Office filed a statement of

7  non-intervention, on March 1, 2015.  Doc. no. 815.  The Federal Public Defender's Office

8  stated that upon review of movant's motion, it did not seek appointment or leave to

9  intervene in movant's motion to reduce sentence.  *Id.*

10       Because movant was sentenced to the mandatory minimum prison sentence of

11  ten years (120 months), pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vii), no

12  relief is available under Amendment 782.  *See* U.S.S.G. § 1B1.10, cmt. n. 1(A) (a

13  reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C.

14  § 3582(c)(2) and is not consistent with this policy statement if: (i) None of the

15  amendments listed in subsection (d) is applicable to the defendant; or (ii) an amendment

16  listed in subsection (d) is applicable to the defendant but the amendment does not have

17  the effect of lowering the defendant's applicable guideline range because of the operation

18  of another guideline or statutory provision (e.g., a statutory mandatory minimum term of

19  imprisonment).").  The motion for sentence reduction is therefore DENIED.  Movant's

20  request for appointment of counsel, doc. no. 825, is DENIED as moot.

21       **IT IS SO ORDERED.**

22  Dated: October 8, 2015

23  _____

24       PHYLLIS J. HAMILTON
     United States District Judge

25

26

27

28